UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH LYNN BRASHEAR,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD, et al.,<br><br>Defendants. | Case No.: 26-cv-1726-RSH-DEB<br><br>**ORDER ON EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>[ECF No. 11] |

Before the Court is an ex parte motion for temporary restraining order and preliminary injunction filed by plaintiff Faith Lynn Brashear. ECF No. 11. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court denies Plaintiff's motion.

**I.    BACKGROUND**

The instant action arises from alleged failures by Defendants to provide Plaintiff with disability-related accommodations.

On March 18, 2026, plaintiff Faith Lynn Brashear, proceeding *pro se*, initiated this action against the California Unemployment Insurance Appeals Board ("CUIAB"), the

1

Employment Development Department ("EDD"), the California Division of Workers' Compensation ("DWC"), Nancy Faulkner, in her official capacity as the Chair of the CUIAB, Nancy Farias, in her official capacity as the Director of the EDD, George Parisotto, in his official capacity as the Administrative Director of the DWC, and Apartment Management Consultants LLC.  ECF No. 1.

Plaintiff alleges that, while employed by Apartment Management Consultants, she experienced a workplace incident that led her to develop severe anxiety whenever she is required to participate in telephone-based communication. *Id*. ¶¶ 35–38. According to Plaintiff, Apartment Management Consultants failed to engage with her written request for accomodation. *Id*. ¶¶ 39–42. Plaintiff alleges that she later pursued "administrative proceedings" involving "workers' compensation adjudication," "unemployment insurance appeals," and "federal employment discrimination processes." *Id.* ¶ 54. Although she purportedly provided documented notice of her disability and requested accommodations in those proceedings, Plaintiff alleges the responsible entities failed to rule on her requests to ensure that she could participate. *Id*. ¶¶ 57–62.

Plaintiff's Complaint asserts claims for: violations of the Americans with Disabilities Act ("ADA"), Title II, 42 U.S.C. §§ 12131, *et seq.* (Claims 1 and 2); violation of due process under 42 U.S.C. § 1983 (Claim 3); a claim over the interpretation of 26 U.S.C. § 131 during "unemployment appeals proceedings" (Claim 4); and ADA retaliation under 42 U.S.C. § 12203 (Claim 5). *Id.* ¶¶ 127–164.

On April 9, 2026, the Court dismissed the action without prejudice in light of Plaintiff's failure either to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) or to move to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). ECF No. 6 at 2. Plaintiff subsequently paid the filing fee on April 28, 2026. ECF No. 8. On May 11, 2026, Plaintiff filed the instant ex parte motion for a temporary restraining order and preliminary injunction. ECF No. 11 at 2.

///

///

## II.     LEGAL STANDARD

Preliminary injunctive relief "is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must establish: (1) that she "is likely to succeed on the merits"; (2) that she "is likely to suffer irreparable harm in the absence of preliminary relief"; and (3) "that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Id.* at 20. The standard governing the issuance of a temporary restraining order ("TRO") is substantially identical to the standard governing the issuance of a preliminary injunction. *See Harris v. Santos*, No. 25-CV-284 JLS (DDL), 2025 WL 1594465, at *1 (S.D. Cal. May 9, 2025).

"When a plaintiff has not provided notice of their TRO application to the defendant, Federal Rule of Civil Procedure 65(b)(1) imposes additional requirements." *Willard Marine, Inc. v. Shanghai Breeze Tech. Co., Ltd.*, No. 25-CV-2907 JLS (BLM), 2025 WL 3063320, at *2 (S.D. Cal. Nov. 3, 2025). Under Federal Rule of Civil Procedure 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The stringent restrictions imposed by . . . Rule 65, on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974).

26-cv-1726-RSH-DEB

## III.    ANALYSIS

Before reaching the merits of Plaintiff's request, the Court must first determine whether Plaintiff has satisfied the notice requirements governing injunctive relief.

The docket does not reflect that Plaintiff served Defendants with—or otherwise provided Defendants notice of—her application for a TRO and preliminary injunction. *See* Docket. The Court therefore "declines to assume any alleged notice was offered, let alone adequate." *Willard Marine*, 2025 WL 3063320, at *3 (internal quotation marks omitted); *see Globalization Partners, Inc. v. Layton*, No. 19-CV-01990-BAS-LL, 2019 WL 5268657, at *1 (S.D. Cal. Oct. 16, 2019) ("Because there is no proof of service or other documentation reflecting that service was completed, it is unclear whether Defendant received notice of this proceeding. Hence, for purposes of this Order, the Court assumes Defendant was not provided notice of the instant application and construes Plaintiff's application as a request to issue the TRO without providing notice to Defendant.").

The "threshold question," then, is whether Plaintiff has provided "an adequate justification" for proceeding without notice to the opposing party. *Willard Marine,* 2025 WL 3063320, at *2. As recognized by the Ninth Circuit, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO. For example, an ex parte TRO may be appropriate where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (internal quotation marks omitted). "In cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (internal quotation marks omitted).

Here, Plaintiff has not established that this case falls within the "very narrow band" of cases in which an ex parte TRO is proper. In her application for a TRO, Plaintiff challenges the CUIAB's administrative rulings concerning her unemployment benefits.

26-cv-1726-RSH-DEB

*See* ECF No. 11. Specifically, Plaintiff contests the CUIAB's determination that she is liable for overpaid benefits. *Id.* at 3–7; *see* ECF No. 11-3. Plaintiff contends that enforcement proceedings, including funds being taken from her bank account, are ongoing. ECF No. 11 at 6. For these reasons, absent emergency relief, Plaintiff argues she will face "immediate and ongoing harm," including "[a]ctive levy and seizure of funds from her bank account," "[l]oss of essential living funds derived from wages," "[a]dditional financial penalties and banking fees," and an "[i]nability to correct or supplement the administrative record." *Id.* at 9.

While the alleged urgency of Plaintiff's financial harm bears on irreparable harm, it is not enough, by itself, to justify the issuance of an ex parte TRO. Defendants are identified in the Complaint and TRO application and Plaintiff has not submitted any evidence that Defendants cannot be located in time for a hearing. Plaintiff has also not explained why providing notice to Defendants "would render fruitless the further prosecution of the action." *Reno Air Racing*, 452 F.3d at 1131; *see Willard Marine,* 2025 WL 3063320, at *3 ("But to secure a TRO without notice, Plaintiffs' general argument of irreparable harm alone is not enough."); *see also Modular Mgmt. Grp., Inc. v. Adamo Constr., Inc.*, No. 25-CV-01419-BAS-SBC, 2025 WL 2799678, at *3 (S.D. Cal. Sept. 30, 2025) (denying TRO motion where plaintiff failed to demonstrate case qualified as "extraordinary circumstance" in which ex parte TRO may be granted); *Corrales L. PC v. Equal Access Just. Fund LP*, No. 25-CV-1834 JLS (MMP), 2025 WL 2309019, at *3 (S.D. Cal. July 22, 2025) (denying TRO motion where plaintiffs failed to demonstrate the case fell "into the 'very narrow' category of cases where *ex parte* orders are proper.").

For these reasons, the Court concludes Plaintiff has not satisfied the threshold requirement for ex parte relief and **DENIES WITHOUT PREJUDICE** her request for a TRO. Because Plaintiff has not shown that she provided adequate notice to Defendants, the Court also **DENIES WITHOUT PREJUDICE** her request for a preliminary injunction. *See* Fed. R. Civ. P. 65(a)(1)("The court may issue a preliminary injunction only on notice to the adverse party."); *Modular*, 2025 WL 2799678, at *2 ("When the

26-cv-1726-RSH-DEB

moving party fails to show that it has provided adequate notice to its adversary, courts will generally deny the request for a preliminary injunction.").

**IT IS SO ORDERED.**

Dated: May 19, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-1726-RSH-DEB