UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FAITH LYNN BRASHEAR,

Plaintiff,

v.

CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD, et al.,

Defendants.

Case No.: 26-cv-1726-RSH-DEB

**ORDER ON: (1) MOTION FOR APPOINTMENT OF COUNSEL;**

**(2) MOTION FOR LEAVE TO FILE DOCUMENTS ELECTRONICALLY;**

**(3) MOTION FOR REASONABLE ACCOMMODATION;**

**(4) MOTION REQUESTING RESOLUTION ON THE PAPERS;**

**(5) MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; AND**

**(6) RENEWED MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

[ECF Nos. 2, 3, 4, 5, 10, 13]

On March 18, 2026, plaintiff Faith Lynn Brashear, proceeding *pro se*, initiated this action against the California Unemployment Insurance Appeals Board ("CUIAB"), the Employment Development Department ("EDD"), the California Division of Workers' Compensation ("DWC")/Workers Compensation Appeals Board ("WCAB"), Nancy Faulkner, in her official capacity as the Chair of the CUIAB, Nancy Farias, in her official capacity as the Director of the EDD, George Parisotto, in his official capacity as the Administrative Director of the DWC, and Apartment Management Consultants LLC ("AMC"). ECF No. 1.

Before the Court are Plaintiff's motion for appointment of counsel, motion for leave to file documents electronically, motion for reasonable accommodation, motion requesting resolution on the papers, motion for leave to proceed *in forma pauperis*, and renewed motion for a temporary restraining order ("TRO") and preliminary injunction. ECF Nos. 2, 3, 4, 5, 10, 13. Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matters suitable for resolution without oral argument. For the reasons set forth below, the Court denies Plaintiff's motions.

## I. BACKGROUND

### A. Plaintiff's Allegations

#### *1. Workplace Incident/Accommodation Request*

The instant action arises from alleged failures by Defendants to provide Plaintiff with disability-related accommodations. The Complaint alleges as follows.

Plaintiff's claims arise from a workplace incident that occurred during her employment with AMC. She alleges this incident led her to develop severe anxiety when participating in telephonic communications. ECF No. 1 ("Compl.") at ¶¶ 35–38. As a result, on or about May 16, 2025, Plaintiff allegedly submitted a request that communications concerning her employment be conducted in writing. *Id.* at ¶¶ 39–42.

Plaintiff alleges she then submitted a workers' compensation claim packet by certified mail on May 27, 2025 containing a "DWC-1 claim form," a "[f]irst report of injury," and a "written ADA communication notice." *Id.* at ¶¶ 43–45. According to

Plaintiff, the packet was signed for on May 29, 2025. *Id.* at ¶¶ 45–46. Plaintiff alleges that despite these and other written requests supported by medical documentation, Defendants continued to rely on telephone-based communications or failed to respond, preventing her from meaningfully participating in claim-related processes. *Id.* at ¶¶ 43, 45–50.

Plaintiff alleges that she then attempted to escalate her accommodation requests through management and other representatives, but was informed that AMC could no longer hold her position. *Id.* at ¶¶ 51–52.

***2. Administrative Proceedings***

Thereafter, Plaintiff alleges that she pursued "administrative proceedings" involving "workers' compensation adjudication," "unemployment insurance appeals," and "federal employment discrimination processes." *Id*. at ¶ 54. Plaintiff alleges that, although she provided documented notice of her disability and requested accommodations in those proceedings, the responsible entities failed to rule on her requests in a timely manner or otherwise ensure accessible participation. *Id*. at ¶¶ 55–62, 70–74. According to Plaintiff, these procedural barriers occurred in the context of her prior "whistleblower" activities and may have reflected retaliatory treatment. *Id*. at ¶¶ 63–69, 80–86.

**B. Procedural Background**

On March 18, 2026, Plaintiff filed the instant action. ECF No. 1. Plaintiff's Complaint asserts claims for: violations of the Americans with Disabilities Act ("ADA"), Title II, 42 U.S.C. §§ 12131, *et seq*. (Claims 1 and 2); violation of due process under 42 U.S.C. § 1983 (Claim 3); a claim over the interpretation of 26 U.S.C. § 131 during "unemployment appeals proceedings" (Claim 4); and ADA retaliation under 42 U.S.C. § 12203 (Claim 5). *Id.* ¶¶ 127–164. On the same day, Plaintiff filed motions for appointment of counsel, leave to file documents electronically, reasonable accommodation, and resolution of her motions on the papers. ECF Nos. 2–5. On May 11, 2026, Plaintiff filed a motion for leave to proceed in forma pauperis. ECF No. 10.

Finally, on June 15, 2026, Plaintiff filed a renewed request for a temporary restraining after her first motion was denied. ECF No. 13. The Court considers each of these motions, in turn, below.

## II. ANALYSIS

### A. Motion to Proceed *In Forma Pauperis* [ECF No. 10]

On April 9, 2026, the Court dismissed Plaintiff's action for failure either to pay the filing fee or to seek leave to proceed IFP. ECF No. 6. On April 28, 2026, Plaintiff filed a notice attaching a receipt showing that she had paid the required $405 filing fee. ECF No. 8 at 1, 5. Plaintiff subsequently moved for leave to proceed IFP. ECF No. 10. Because Plaintiff has already paid the filing fee, her motion for leave to proceed IFP is **DENIED** as moot. *See Gerrans v. Gunday*, No. 25-331, 2026 WL 1256251, at *1 (9th Cir. May 7, 2026) ("The district court did not abuse its discretion by denying [plaintiff]'s motion to proceed IFP because [plaintiff] already paid the filing fee."); *Reddy v. CBay Sys. Holdings*, 584 F. App'x 411, 412 (9th Cir. 2014) (holding district court did not abuse its discretion "by denying as moot [plaintiff]'s motion to proceed in forma pauperis because [plaintiff] already paid the filing fee").[1]

### B. Motion for Appointment of Counsel [ECF No. 2]

Plaintiff seeks appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). ECF No. 2. "[I]t is well-established that there is generally no constitutional right to counsel in

---

[1] Even if the application were not mooted, Plaintiff has left her IFP application almost entirely blank. ECF No. 10 at 2–5. Although she states that she survives on "substantially reduced part time earnings" and describes caregiving obligations and litigation-related financial burdens, the IFP application does not otherwise provide any information about her financial state. *See id.* The Court lacks sufficient information to assess her ability to pay. *See Gibson v. San Diego Cnty. Sheriff's Dep't*, No. 26-CV-3888-AGS-DDL, 2026 WL 2034466, at *1 (S.D. Cal. July 14, 2026) (denying IFP application where plaintiff left blank "lines concerning assets, cash, bank accounts, or any other requested information."); *Aguila v. Jason Berraza & Fam.*, No. 25-CV-2090 JLS (AHG), 2025 WL 2462971, at *1 (S.D. Cal. Aug. 26, 2025) (denying IFP application where it was "nearly blank in its entirety").

civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). "[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) necessarily depends upon Plaintiff's ability to proceed IFP." *Garrett v. Adjoin Transitional Hous. Program*, No. 3:25-CV-02801-CAB-SBC, 2026 WL 114421, at *2 (S.D. Cal. Jan. 15, 2026); *Noh v. United States,* No. 2:25-CV-01483-LK, 2025 WL 2979943, at *2 (W.D. Wash. Sept. 15, 2025) ("[W]hile 28 U.S.C. § 1915(e)(1) vests the Court with discretion to "request" appointment of counsel for litigants proceeding in forma pauperis . . . that statute is inapplicable here because [plaintiff] paid the filing fee."). Because Plaintiff has not demonstrated entitlement to proceed IFP in this case, she is also not entitled to the appointment of counsel under § 1915(e)(1).

Plaintiff has also not shown exceptional circumstances warranting the appointment of counsel. "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal quotation marks omitted).

Despite her asserted communication difficulties, Plaintiff's written submissions demonstrate an ability to explain the relief she seeks and the grounds for her requests. The present record also does not establish a likelihood of success on the merits that would favor appointment of counsel at this stage. *See Goodlow v. Valdez*, No. 26-CV-1008-JES-MMP, 2026 WL 2138569, at *2 (S.D. Cal. July 24, 2026) (denying appointment of counsel where the plaintiff demonstrated an ability to articulate his claims and it was too early to assess his likelihood of success). Considering these factors

together, Plaintiff has not demonstrated exceptional circumstances warranting appointment of counsel.

For these reasons, the Court **DENIES** Plaintiff's motion for appointment of counsel.

**C. Motion for Leave to File Documents Electronically [ECF No. 3]**

On March 13, 2026, Plaintiff emailed the Clerk's Office seeking guidance on "what form or procedure" was "required to activate pro se electronic filing privileges" for her PACER account. ECF No. 3 at 1. The Court construes the email, which was docketed on March 18, 2026, as a motion for leave to file documents electronically in this case. *Id.*

Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." Civ. L.R. 5.4(a). With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . by parties appearing without an attorney must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b) (Sept. 24, 2025) ("ECF Manual"). "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.*

The ECF Manual refers to the Court's official website for CM/ECF technical specifications, *id.* § 1(i), which includes: a "[c]omputer running on Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher"; "[i]nternet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version"; and a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)." United States District Court,

Southern District of California, *CM/ECF Information: General Information*, https://www.casd.uscourts.gov/cmecf.aspx (last visited September 24, 2026).

Here, although Plaintiff states that she has an active PACER account, her e-mail submission neither describes her access to equipment and software conforming to the CM/ECF technical specifications noted above nor includes an agreement to comply with the rules and policies in the ECF Manual. *See* ECF No. 3. For these reasons, Plaintiff's motion for leave to file documents electronically is **DENIED WITHOUT PREJUDICE**. Any renewed motion should address the deficiencies identified above.

**D. Motion for Reasonable Accommodation under the ADA [ECF No. 4] / Motion for Resolution on the Papers [ECF No. 5]**

Plaintiff moves for reasonable accommodations under Title II of the ADA and for resolution of her pending motions on the papers in light of her communication disability. ECF Nos. 4, 5. Specifically, Plaintiff requests, where appropriate: (1) written participation in proceedings; (2) resolution of motions without oral argument; (3) additional time for written briefing; (4) written communications with the Court in lieu of telephone proceedings; and (5) electronic service and filing privileges. ECF No. 4 at 2–3.

As an initial matter, Title II of the ADA does not apply to the federal judiciary. *See Drevaleva v. Dep't of Veterans Affairs*, 835 F. App'x 221, 223 (9th Cir. 2020) ("[T]he federal government is excluded from the coverage of the ADA."); *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) ("[T]he ADA does not apply to federal courts."); *see also Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government.").

Regardless, Plaintiff's requests are largely either consistent with existing procedures or are premature. Motions before the undersigned are normally noticed without oral argument, and parties need not telephone Chambers to obtain a motion date. *See* Civil Pretrial and Trial Procedures §§ I(B), III(B). Although these procedures do not foreclose oral proceedings, Plaintiff identifies no pending proceeding requiring accommodation. *See* ECF Nos. 4 at 2–3; 5 at 2–3. Plaintiff's request for additional

briefing time likewise does not identify any particular deadline she seeks to extend nor the length of the requested extension. *See* ECF Nos. 4 at 2–3. Plaintiff may renew her requests as to a specific deadline if the need arises. Finally, Plaintiff's request for electronic filing and service remains subject to the requirements discussed above.

For these reasons, the Court **DENIES** Plaintiff's motion for reasonable accommodation and motion for resolution on the papers.

**E. Renewed Request for a TRO [ECF No. 13]**

Finally, Plaintiff renews her request for a TRO. ECF No. 13. On May 11, 2026, Plaintiff filed an ex parte motion for a temporary restraining order and preliminary injunction challenging an administrative determination concerning her unemployment benefits. ECF No. 11. The administrative decisions attached to the motion, which appear to have been issued by the CUIAB, reflect that Plaintiff's income from live-in caregiver services was treated as wages, resulting in reduced unemployment benefits and a determination that she was liable for an $11,091 overpayment. ECF No. 11-3 at 4–12. Plaintiff asserted that collection efforts arising from the determination were ongoing, including a levy against her bank account, and absent emergency relief, she would suffer immediate and continuing harm from the loss of essential funds. ECF No. 11 at 6, 9. She therefore sought an order "halting all enforcement and collection activity, including levies and garnishments, related to the administrative determination" pending resolution of this action. *Id.* at 11.

On May 19, 2026, the Court denied the motion, concluding that the docket did not reflect service on any Defendant and that Plaintiff had not shown that Defendants had notice of the application or that the case presented one of the "very few circumstances" warranting ex parte relief. ECF No. 12 at 4–5; *see Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("[C]ourts have recognized very few circumstances justifying the issuance of an ex parte TRO.").

///

///

On June 15, 2026, Plaintiff filed the instant renewed request. ECF No. 13. Defendants CUIAB and Nancy Faulkner have filed an opposition to the renewed request. ECF No. 16.

***1. Injunctive Relief—Generally***

Injunctive relief "is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking preliminary injunctive relief must establish: (1) that she "is likely to succeed on the merits"; (2) that she "is likely to suffer irreparable harm in the absence of preliminary relief" and (3) "that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Id.* at 20. The standard governing the issuance of a TRO is substantially identical to the standard governing the issuance of a preliminary injunction. *See Harris v. Santos*, No. 25-CV-284 JLS (DDL), 2025 WL 1594465, at *1 (S.D. Cal. May 9, 2025).

***2. Specificity of Plaintiff's Request***

In her renewed request, Plaintiff contends that the notice concerns underlying the Court's prior order have been "substantially addressed." ECF No. 13 at 2. Specifically, Plaintiff represents that she retained a professional process server and completed service on the California Attorney General, the EDD, the CUIAB, and related officials. *Id.* Defendants CUIAB and Faulkner respond that Plaintiff failed to properly serve the remaining state-entity Defendants. ECF No. 16 at 6–7. They further contend that Plaintiff has not demonstrated a likelihood of success on the merits. *Id.* at 7–10.

Setting aside the notice concerns identified in the Court's prior order, Plaintiff's renewed motion presents a more basic problem: it does not clearly define the scope of the injunctive relief sought. Under Federal Rule of Civil Procedure 65(d), "[e]very order granting an injunction and every restraining order must . . . describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C). "[T]he specificity provisions of Rule 65(d) are no mere technical requirements." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974); *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 444

(1974) ("[O]ne basic principle built into Rule 65 is that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits."). "The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt*, 414 U.S. at 476. "Since an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed." *Id.*

Here, although Plaintiff characterizes her motion as a renewal of her first request for injunctive relief, the relief sought appears broader than the previously requested stay of collection activity. Specifically, Plaintiff now cites "the continuing denial of effective accommodations, combined with ongoing levy and collection efforts" and describes her claim as arising from "the denial of meaningful access to adjudicatory proceedings, the denial of requested accommodations, communication barriers, procedural obstacles, and the resulting inability to participate on substantially equal terms." ECF No. 13 at 4. The renewed motion states therefore that "the relief sought is not limited to the adjustment of an account or determination of a monetary balance," but that Plaintiff is instead alleging "ongoing injuries arising from the cumulative effects of actions taken across multiple proceedings and agencies, which continue to affect Plaintiff's ability to participate in governmental processes on substantially equal terms." *Id.* at 14. These assertions, however, describe the injuries Plaintiff alleges she has suffered, not the specific measures she is requesting that the Court order. To the extent Plaintiff seeks relief beyond the previously requested stay of collection activity, the renewed motion does not identify with sufficient clarity the particular acts to be restrained or the specific Defendants against whom such relief is sought. For these reasons, the Court **DENIES** Plaintiff's renewed request for injunctive relief.

///

///

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motions. ECF Nos. 2, 3, 4, 5, 10, 13.

**IT IS SO ORDERED.**

Dated: September 24, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge