UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FAITH LYNN BRASHEAR,
Plaintiff,
v.
CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD, et al.,
Defendants.

Case No.: 26-cv-1726-RSH-DEB

**ORDER ON SERVICE OF PROCESS**

On March 18, 2026, plaintiff Faith Lynn Brashear, proceeding *pro se*, initiated this action against the California Unemployment Insurance Appeals Board ("CUIAB"), the Employment Development Department ("EDD"), the California Division of Workers' Compensation ("DWC")/Workers Compensation Appeals Board ("WCAB"), Nancy Faulkner, in her official capacity as the Chair of the CUIAB, Nancy Farias, in her official capacity as the Director of the EDD, George Parisotto, in his official capacity as the Administrative Director of the DWC, and Apartment Management Consultants LLC ("AMC"). ECF No. 1.

On April 9, 2026, the Court dismissed Plaintiff's action for failure to pay the filing fee or seek IFP status. ECF No. 6. On April 28, 2026, Plaintiff filed a notice and receipt

indicating that she had paid the required $405 filing fee. ECF No. 8 at 1, 5. A summons was thereafter issued on May 8, 2026. ECF No. 9.

Plaintiff subsequently engaged ABC Legal as a process server and, on June 15, 2026, filed proofs of service and related documentation concerning her efforts to serve Defendants. ECF No. 13-1. To date, only defendants CUIAB and Faulkner have appeared in this action. *See* Docket. The Court therefore finds it appropriate to address the sufficiency of service as to the remaining Defendants and Plaintiff's prosecution of her claims against them.

## I. LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Federal Rule of Civil Procedure 4(c)(1), a plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."

Federal Rule of Civil Procedure 4(m), in turn, provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

## II. ANALYSIS

### A. Defendant AMC

The Court first considers the sufficiency of Plaintiff's service on defendant AMC. Federal Rule of Civil Procedure 4(h)(1)(B) permits service on a corporation, partnership, or other unincorporated association by delivering the summons and complaint to an agent authorized by appointment or law to receive service of process. *See* Fed. R. Civ. P. 4(h)(1)(B); Cal. Civ. Proc. Code § 416.40; *Miller v. Hotel Avenida—Oceanside Camp*

*Pendleton*, No. 25-CV-1852 JLS (SBC), 2026 WL 1199475, at *1 (S.D. Cal. May 1, 2026) ("Under California law, a corporation or limited liability company can be served by delivering the summons and complaint to one of an enumerated list of individuals, including the designated agent for service of process or the general manager of the entity.") (internal quotation marks omitted).

Here, Plaintiff's proof of service as to defendant AMC indicates that, on May 21, 2026, the summons and Complaint were personally delivered to an individual identified as "Jacqueline" at CT Corporation System, 330 North Brand Boulevard, Suite 700, Glendale, California 91203. ECF No. 13-1 at 19. The Court takes judicial notice of California Secretary of State records identifying CT Corporation System as AMC's designated agent for service of process at this North Brand Boulevard address.

Based on the present record, AMC therefore appears to have been served through its designated agent on May 21, 2026. AMC's response to Plaintiff's Complaint, therefore, would have been due on June 11, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). To date, however, AMC has neither answered nor otherwise responded to the Complaint, and Plaintiff has not sought entry of default against AMC under Federal Rule of Civil Procedure 55(a).

**B. State Entities/Individuals Official Capacity**

The Court next addresses the sufficiency of Plaintiff's service on defendants EDD, DWC/WCAB, and defendants Nancy Farias and George Parisotto in their respective official capacities as the Director of the EDD and the Administrative Director of the DWC.

***1. Standard***

"The Federal Rules of Civil Procedure provide two mechanisms for serving a state agency or a state agency's officers sued in their official capacity[.]" *Christopher Allen of Fam. Ottersbach v. Kilgore through Region 9 IV-D Agency*, No. 24-CV-1664 JLS (SBC), 2025 WL 951279, at *3 (S.D. Cal. Mar. 28, 2025). Under Federal Rule of Civil Procedure 4(j)(2), "[a] state, a municipal corporation, or any other state-created

governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2); *see Ward v. Stanislaus*, No. 23-CV-06167-JSC, 2024 WL 3432000, at *2 (N.D. Cal. July 16, 2024) ("[N]o matter whether service of a state official sued in their official capacity must fulfill Rule 4(e) or 4(j), such service may be achieved pursuant to California law governing service on public entities.").

"California law, in turn, provides that a public entity may be served 'by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body.'" *Allen*, 2025 WL 951279, at *3 (quoting Cal. Civ. P. Code § 416.50(a)); Alternatively, California law provides that a public entity "may be served by leaving a copy of the summons and complaint during usual office hours. . . with the person who is apparently in charge." Cal. Civ. P. Code § 415.20(a); *see Allen*, 2025 WL 951279, at *3. This method of service must be followed by "mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. P. Code § 415.20(a).

**2. *EDD***

With respect to defendant EDD, Plaintiff submits a document from ABC Legal indicating that EDD was served on May 26, 2026 at 1300 I Street, Sacramento, California 95814. ECF No. 13-1 at 8. Although an accompanying activity log refers to a signed proof of service for EDD, the executed proof is not in the record. *Id.* at 11.

Defendants CUIAB and Faulkner contend that service on EDD was deficient because the documents were delivered to the Attorney General's office rather than EDD's headquarters. ECF No. 16 at 7. The Court takes judicial notice of the California Attorney General's website which identifies 1300 I Street as an address for service on the Attorney General, whereas the California Secretary of State's 2026 California Roster lists

defendant EDD's address at 722 Capitol Mall, Sacramento, California 95814. *Compare* California Department of Justice, Service on the Attorney General, https://oag.ca.gov/services-info (last accessed September 21, 2026) with California Secretary of State, 2026 California Roster at 53, https://admin.cdn.sos.ca.gov/ca-roster/2026/2026-complete-roster.pdf (last accessed September 21, 2026); *Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, 1096 (9th Cir. 2020) (judicial notice may be taken of official information that is posted on a government website that is not subject to reasonable dispute); *Corrie v. Caterpillar*, 503 F.3d 974, 978 n.2 (9th Cir. 2007) (taking judicial notice of a government publication). Although the ABC Legal log reflects an unsuccessful attempt to serve EDD at the 722 Capitol Mall address on May 22, 2026, it does not explain why service could not be completed at that location. ECF No. 13-1 at 13–14. On this record, the Court cannot determine that defendant EDD has been properly served.[1]

**3. *Nancy Farias***

With respect to defendant Farias, Plaintiff submits an executed proof of service stating that Farias was served by delivery of the summons and Complaint to Officer M. Brooks at 1300 I Street, Sacramento, California 95814. ECF No. 13-1 at 29. According to

---

[1] Plaintiff also submits a separate proof of service identifying the California Attorney General as a party served on May 22, 2026. ECF No. 13-1 at 33–36. The California Attorney General, however, is not a named defendant in this action. ECF No. 1 at 1. To the extent Plaintiff relies on that delivery, she has not established a legal basis for treating service on the Attorney General as valid service on EDD in this action. *See e.g.*, *Harmon v. C.D.C.R. People of the State of California*, No. CV 21-4177-JLS (AGR), 2022 WL 2062372, at *4 (C.D. Cal. May 6, 2022) ("The California Attorney General is not the chief executive officer or 'the clerk, secretary, president, presiding officer, or other head' of [the California Department of Corrections and Rehabilitation (CDCR)], nor is he designated to accept service on behalf of CDCR."), *report and recommendation adopted,* 2022 WL 3446033 (C.D. Cal. Aug. 17, 2022); *Gottschalk v. City & Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1165 (N.D. Cal. 2013) (finding that service on the California Attorney General did not constitute proper service on the California Department of Fair Employment and Housing).

the proof of service, Officer Brooks represented that he was authorized to accept service on Farias's behalf. *Id*. The proof, however, describes delivery to the Attorney General's office, rather than EDD's address as listed in the 2026 California Roster. *Id*. For the reasons discussed above with respect to EDD, Plaintiff likewise has not established a legal basis for treating that delivery as valid service on Farias in her official capacity.

**4. *DWC/WCAB***

With respect to the defendant identified in Plaintiff's Complaint as "California Division of Workers' Compensation/WCAB," Plaintiff submits an executed proof of service reflecting personal delivery of the summons and Complaint to "Pearl L." at 1515 Clay Street, Oakland, California 94612. ECF No. 13-1 at 16. According to the proof, Pearl L. represented that she was authorized to accept service on behalf of "WCAB/Division of Workers' Compensation." *Id*.

Defendants CUIAB and Faulkner contend that delivery to the Oakland address was insufficient because WCAB's headquarters are located in San Francisco. ECF No. 16 at 7. The Court takes judicial notice that DWC's website identifies its headquarters, including its Chief Counsel and Legal Office, as located at 1515 Clay Street, Oakland, California. *See* Department of Industrial Relations, *Division of Workers' Compensation—Service of Subpoenas on the Division*, https://www.dir.ca.gov/dwc/PublicRecordsAct/ServiceOfSubpoenas.html (last accessed September 23, 2026). The 2026 California Roster separately lists WCAB's address as 455 Golden Gate Avenue, San Francisco, California 94102. California Roster at 73.

To the extent Plaintiff intended to sue DWC, the Court is not presently persuaded that the May 27, 2026 delivery was deficient. The Complaint, however, uses the combined designation "California Division of Workers' Compensation/WCAB" while referring to DWC and WCAB separately elsewhere. ECF No. 1 at 1, 5, 16, 21. Before determining the sufficiency of service, the Court will require Plaintiff to clarify the identity of the defendant or defendants she intended to sue under this designation.

///

**5. *George Parisotto***

With respect to defendant Parisotto, Plaintiff has not submitted an executed proof of service showing that Parisotto was served with the summons and Complaint. Instead, a summary from ABC Legal Service lists Parisotto's status as "[p]reparing for service attempt." ECF No. 13-1 at 8. Although the accompanying activity log reflects that the process server received documents for service on Parisotto on May 29, 2026, it does not document completed service. *Id.* at 12. Accordingly, the present record does not establish that defendant Parisotto has been properly served.

## III. CONCLUSION

For the foregoing reasons, Plaintiff is **DIRECTED** to file a written response to this Order on or before **October 30, 2026** that addresses the following:

1. Plaintiff is **ORDERED TO SHOW CAUSE** as why her claims against defendant AMC should not be dismissed without prejudice for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Plaintiff may discharge this portion of the Order as to AMC and DWC by filing either a properly supported request for entry of default pursuant to Federal Rule of Civil Procedure 55(a) or a written response explaining why she has not sought entry of default against that Defendant.

2. Plaintiff is **ORDERED TO SHOW CAUSE** as to why her claims against defendants EDD, Nancy Farias, and George Parisotto should not be dismissed without prejudice for failure to effect timely service of process. *See* Fed. R. Civ. P. 4(m). Plaintiff may discharge this portion of the Order as to each Defendant by completing proper service and filing proof of service by that date. Alternatively, Plaintiff may file a written response demonstrating that the Defendant has already been properly served, together with any supporting proofs of service or declarations. Any response asserting that service has already been completed must address the deficiencies identified above.

3. Plaintiff is **DIRECTED** to clarify whether she seeks relief against DWC, WCAB, or both, and explain which entity or entities she contends were served on May

27, 2026. The Court reserves determination of the sufficiency of that service pending Plaintiff's response.

Failure to comply with this Order may result in dismissal without prejudice of Plaintiff's claims against the affected Defendant or Defendants.[2]

**IT IS SO ORDERED.**

Dated: September 25, 2026

Hon. Robert S. Huie
United States District Judge

[2] This Order is without prejudice to any Defendant's right to raise any available objections to the sufficiency or timeliness of service of process.