UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH LYNN BRASHEAR,<br>Petitioner,<br>v.<br>CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD, et al.,<br>Respondents. | Case No.: 26-cv-1726-RSH-DEB<br><br>**ORDER DISMISSING DEFENDANTS EMPLOYMENT DEVELOPMENT DEPARTMENT, CALIFORNIA DIVISION OF WORKERS' COMPENSATION/ WORKERS COMPENSATION APPEALS BOARD, NANCY FARIAS, GEORGE PARISOTTO, AND APARTMENT MANAGEMENT CONSULTANTS LLC WITHOUT PREJUDICE** |

On March 18, 2026, plaintiff Faith Lynn Brashear, proceeding pro se, initiated this action against the California Unemployment Insurance Appeals Board ("CUIAB"), the Employment Development Department ("EDD"), the California Division of Workers' Compensation ("DWC")/Workers Compensation Appeals Board ("WCAB"), Nancy Faulkner, in her official capacity as the Chair of the CUIAB, Nancy Farias, in her official capacity as the Director of the EDD, George Parisotto, in his official capacity as the

Administrative Director of the DWC, and Apartment Management Consultants LLC ("AMC"). ECF No. 1. On July 30, 2026, defendants CUIAB and Nancy Faulkner filed an Answer. ECF No. 15. No other defendant has answered or otherwise responded to Plaintiff's Complaint. *See* Docket.

On September 25, 2026, the Court issued an order directing Plaintiff to show cause as to why her claims against AMC should not be dismissed without prejudice for failure to prosecute, and why her claims against defendants EDD, Nancy Farias, and George Parisotto should not be dismissed without prejudice for failure to timely effect service of process. ECF No. 19 at 7. The Court further directed Plaintiff to clarify whether she was seeking relief against the DWC, the WCAB, or both, and to identify which entity or entities she contended had been properly served. *Id.* at 7–8. Plaintiff was directed to file a written response by October 30, 2026 and cautioned that "[f]ailure to comply" with the order "may result in dismissal without prejudice of Plaintiff's claims against the affected Defendant or Defendants." *Id.* at 8. To date, Plaintiff has not responded. *See* Docket.

## I. DISMISSAL FOR FAILURE TO EFFECT SERVICE OF PROCESS

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

Here, dismissal of Plaintiff's claims against defendants EDD, Nancy Farias, and George Parisotto is warranted under Rule 4(m). More than 90 days have elapsed since Plaintiff filed her Complaint, and she has not cured the service deficiencies identified in the Court's September 25, 2026 order or otherwise demonstrated that these Defendants were properly served. For these reasons, the Court **DISMISSES** Plaintiff's claims against EDD, Nancy Farias, and George Parisotto without prejudice for failure to timely effect service.

///

///

## II. DISMISSAL FOR FAILURE TO PROSECUTE

A "district court has the inherent power sua sponte to dismiss a case for lack of prosecution." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see Link v. Wabash R. Co.,* 370 U.S. 626, 633 (1962) ("[W]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute[.]"). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

On balance, these factors favor dismissal of Plaintiff's claims against AMC for failure to prosecute and comply with the Court's Order and against DWC/WCAB for failure to provide the required clarification that would allow the Court to address adequacy of service. This action has been pending for more than seven months. Plaintiff failed to meaningfully address the deficiencies addressed in the Court's September 25, 2026 order despite an express warning of dismissal. The policy favoring disposition on the merits does not outweigh these considerations. *See Allen v. Bayer Corp.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (holding public policy favoring disposition of cases on the merits "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction") (internal quotation marks omitted); *Pagtalunan,* 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) ("Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case.").

For these reasons, the Court **DISMISSES** Plaintiff's claims against AMC and the defendant designated "California Division of Workers' Compensation/WCAB" without prejudice.

**IT IS SO ORDERED.**

Dated: November 4, 2026

Hon. Robert S. Huie
United States District Judge